Hornblower, C. J.
The demurrer in this case raises a question as to the true meaning of the covenant declared upon, as well as objections to the form of the declaration.
The covenant, (omitting unimportant words,) is as follows: “ In consideration of one dollar to me &c. and of the regard I have to my son-in-law Henry H. El well, I covenant to indemnify and save harmless, William N. Jeffers and Isaac Hackett, *383 who are the securities of Elweli, to the Post Master General, for the faithful discharge of his duties as Post Master of the town of Salem, from all damages, costs and charges, which they the said Jeffers and Hackett, may or shall be put to, or in any wise called upon to pa.y for or on account of being security for the said Elweli as Post Master as aforesaid from and after this date."
The question, raised upon the argument, was, what damages, costs and charges, were to be covered by this contract? Were they to be all such as the plaintiffs might be put to, or called upon to pay at any time thereafter, without regard to the time when their liability occurred ? Or, were they only such damages, costs and charges, as the plaintiffs might be put to, or called upon to pay, on account of their being, or continuing to be, security from and after that date.
The doubt, if there is any, arises from the fact, that at the date of the covenant, the plaintiffs were, and for some time, then past, had been such securities. If the plaintiffs’ becoming securities, and the making of the covenant, had been simultaneous acts, and the one done in consideration of the other, there could have been no such question. The indemnity in such case, must, and could only have been to protect the plaintiffs against the consequences of future defalcations of Elweli. There would then have been no use of inserting the words, “ from and after this date they would have been superfluous and nugatory. But, at the time of making this covenant, the plaintiffs were, and for some time had been, sureties for Elweli. Hence it became necessary in framing this covenant, to designate for what damages, costs and charges, the defendant was to indemnify the plaintiffs: whether for all they might bo put to, or called upon to pay, as well by reason of their having been, as by reason of their continuing to be, such securities; or only such damages as they might be put to or called upon to pay, “ on account of being,” (that is continuing to be,) “ securities for Elweli from and after that date.”
It is manifest therefore, that the words, “ from and after this date,” were designedly inserted : they have an appropriate meaning, and were put there to limit and qualify the defendants’ undertaking ; and we have no right to reject them, as superfluous, or mere words of course without any definite object or meaning. *384 And yet, if we adopt the plaintiffs’ construction of the covenant, we must read it as if these words were not there: or at least, we must change their position, and read the covenant thus:— from all damages, costs and charges the plaintiffs may be put to, or called upon to pay, from and after this date, on account of being such sureties as aforesaid.” This is not only a transposition we have no right to make, so long as the words have an appropriate meaning in the place they occupy ; but it is one which renders the words, “from and after this date,” useless and unmeaning. For, if we read the sentence, omitting those words altogether, it will mean precisely what the plaintiffs contend it does mean. Thus, “ I covenant to indemnify the plaintiffs against all damages, costs and charges, which they may be put to or in any wise called upon to pay for or on account of being security for said Elwell, as aforesaid.” Now in such a sentence, the words “from and after this date ” would be of no use : for, indemnity against an act to be done or an event to happen, is an indemnity against the future, not the past. But in the connection in which the words stand in this covenant, they evidently and sensibly have relation to the plaintiffs’ “ being securities from and after that date ; ” and not to being put to or called upon to pay, “ from and after that date; ” for if they were ever after-wards put to or called on to pay damages, it must have been, after that date. It may also be remarked, though scarcely necessary, that according to the plaintiffs’ reading of the covenant, the word “-from” in connection with the words “and after” is not only useless, but inappropriate : whereas, when understood in reference to the securityship, it is a technical and proper word, viz: “ damages on account of being securities for Elwell from and after this date: ” in contradistinction to such damages, as they might be put to, or called upon for, on account of the plaintiffs’ having been such securities before that date.
It is true, as was said on the argument, the true reading of an instrument depends very much on the punctuation : and if in the original covenant in this case, there is a comma, immediately preceding the word “ from ” it gives some color to the construction contended for by the plaintiffs. In the copy furnished me, there is no such stop; and if there is one in the original, it would not alter my opinion. The words “ from and after this date ” *385 would nevertheless, upon the plaintiffs’ construction, be an useless addition : Whereas, considered as referring to the plaintiffs continuing to be security, they are necessary and appropriate.
The plaintiffs having been security for Elwell, prior to that day, was a past consideration, and we ought not to make the defendant’s undertaking retrospective, by any mere criticism or doubtful construction.
In my opinion therefore, the covenant only indemnifies the plaintiffs against such damages, costs and charges as they might be put to, or be called upon to pay, by reason of, or on account of their being, or continuing to' be securities for Elwell, from and after that date.
Such being the contract, it is obvious, that the declaration is defective. It is so, both in substance and form. It is multifarious, argumentative and uncertain. Indeed I think it would be bad, upon either construction of the covenant: but as the indemnity extends only to such losses as were consequent upon the plaintiffs being sureties after a certain day, it is necessary that the plaintiffs should distinctly show in pleading, that the damages, costs and charges they had been put to, were such as had accrued to them, in consequence of their being such sureties after the date of the covenant. Instead of this, it is impossible to tell from any thing stated in the declaration, when the neglect or default of Elwell occurred, for which be had been sued, and on account of which the one thousand dollars, bad been recovered against him by the Government. For all that appears, the breaches of Elwell’s official bond, his unfaithful discharge of duties, his neglects to render accounts, and to pay over moneys received by him, may all have transpired before this covenant was entered into.
It seems to me, the plaintiffs have entirely failed to state their case. They have attempted to declare as upon a bond conditioned, that Elwell should do certain things; or as upon a covenant by the defendant, that Elwell should faithfully perform his duties, render accounts, pay over moneys, and obey the instructions of the Post Master General. If the action was upon, such bond or covenant, the declaration would come far short of a good and sufficient assignment of breaches. But this action is on a very different contract. It is simply a covenant to indemnify the *386 plaintiffs against such losses as they may sustain by reason of their being security for Ehvell, for the' proper discharge of his duties as Post Master. • All then, that is necessary to be stated, after setting out the covenant, is, that the-defendant has not indemnified and saved harmless the plaintiffs from all damages, costs and charges, by reason of their being security for Elwell, after the date of the covenant; but on the contrary, that they had been put to damages, costs and charges; stating how much, by a suit and recovery against them as such securities, for defalcations or neglects of official duties committed by him, since the date of the said covenant. Or if, as plaintiffs’ counsel seemed to suppose, (and of which it is not now necessary to give any opinion,) a recovery by the United States against Elwell, for such defaults, would so far fix the plaintiffs’ liabilities to the Government, as to amount to a breach of this covenant, then the decclaration ought to have stated such recovery against Elwell, and that it was for neglect of official duty after the date of the covenant, and while they were such securities. Or again, if ther plaintiffs have actually been put to costs and charges, by a suit brought against them, and now depending in the Federal court, for such cause as aforesaid, they need only to have stated that fact, to have entitled themselves to this action, for the amount of such costs and charges as they have actually been obliged to pay. Whether it would not have been wiser for them to wait until the suit against them was determined, and the amount of ‘their liability ascertained, is a matter for the advice of their counsel.
The result is, that in my opinion, there must be judgment for the defendant, on the demurrer, with costs.
White, J. and Elmer, J., concurred.
Nevius, J. I dissent from the construction given by the Chief Justice, to the covenant declared upon; yet on the ground of defect in the pleadings, I think the demurrer should be sustained.
Whitehead, J. was not one of the bench, when the case was argued.

Judgment for defendant.